KAREN A. RAGLAND, Esq., State Bar #108560
GARWACKI & ASSOCIATES
5111 Dahlia Drive, Suite A
Los Angeles, California 90041
(323) 344-4100

Attorneys for Plaintiff
ALLIANT CREDIT UNION

Lodged Ex Parte App
for Order issuing Warrant
for Maritime Arrest of
Vessel

FILED
2008 JUN 10  PM 3:00

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALLIANT CREDIT UNION fka UNITED AIRLINES EMPLOYEES CREDIT UNION

Plaintiff,

vs.

THE VESSEL, "ADVENTUROUS", her rigging, engines, boilers, tackle, etc. and all other necessaries thereunto appertaining and belonging in Rem; ROXANNA L. TARWATER, aka ROXANNA TARWATER, in Personam,

Defendants.

CASE NO. SACV08·639 AG (MLGx)

COMPLAINT FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE

This Complaint of Plaintiff ALLIANT CREDIT UNION fka UNITED AIRLINES AIRLINES CREDIT UNION, against the Defendants vessel, "ADVENTUROUS", her rigging, engines, boilers, tackle, etc. and all other necessaries thereunto appertaining and belonging, and ROXANNA L. TARWATER aka ROXANNA TARWATER, in cause, civil and maritime for foreclosure of the First Preferred Ship Mortgage, respectfully shows:

### PRELIMINARY ALLEGATIONS

1.    The Plaintiff is a credit union duly organized and existing under the law of Illinois, with it's principal place of business in Chicago, Illinois.

Complaint                                                                                          1

2.      Defendant, ROXANNE L. TARWATER ("Defendant TARWATER"), is an individual, whose place of residence is in Orange County, California. Plaintiff is informed and believes and thereon alleges that JOHN V. TARWATER is deceased. Plaintiff is informed and believe and thereon alleges that Defendant TARWATER resides on the vessel known as "ADVENTUROUS".

## FIRST CLAIM FOR RELIEF (ADVENTUROUS)

3.      Plaintiff hereby incorporates and realleges each and every allegation contained in the Preliminary Allegations, incorporating the same herein by reference.

4.      The vessel "ADVENTUROUS", Official No. 928319 with her rigging, tackle, apparel, furniture, engines, nets and fishing-gear and all other necessaries thereunto appertaining and belonging, is now afloat in Newport Beach, California, and within this district.

5.      On September 24, 2003, Defendant ROXANNE L. TARWATER and her spouse JOHN V. TARWATER, executed and delivered to Plaintiff, a Loanliner Open End Disbursement Plus Agreement ("Agreement") in the principal amount of $134,000.00, bearing interest at 5.90% per annum. A copy of the Agreement is attached hereto as Exhibit "1" and incorporated herein by this reference.

6.      On September 23, 2003, in order to secure the payment of the Agreement described in paragraph 5 above, Defendant TARWATER, in accordance with and pursuant to the 46 U.S.C. §§ 31321, *et seq.* executed and delivered to Plaintiff a First Preferred Ship Mortgage ("Mortgage") covering the vessel "ADVENTUROUS", and by the terms of that mortgage granted, bargained, and sold mortgagor's vessel, the vessel "ADVENTUROUS" to Plaintiff, to secure the payment of the Agreement described in paragraph 5 above and all other obligations of the First Preferred Ship Mortgage described in this paragraph. A copy of the First Preferred Ship Mortgage is attached hereto as Exhibit "2" and incorporated herein by this reference.

7.      At the time the First Preferred Ship Mortgage described in paragraph 6 above was executed and delivered to Plaintiff, and at all times since, the vessel "ADVENTUROUS" was, and has been, duly enrolled under the laws of the United States with her home port at Newport Beach,

Complaint                                                                                                          2

California. A copy of the Certificate of Documentation is attached hereto as Exhibit "3" and incorporated herein by this reference.

8.     The Mortgage described in paragraph 6 above was duly filed with the United State of America Homeland Security, United States Coast Guard on January 23, 2004, at the home port of the vessel, and the record of the Homeland Security Officer, shows the name of the respondents vessel, the name of the respective parties to the Mortgage, the interest in the respondent vessel mortgaged, and the amount and date of maturity of the Agreement described in paragraph 5 above. The Preferred mortgage was duly endorsed on the documents of the respondent vessel, and affidavits were filed with the record of the Preferred mortgage, to the effect that the mortgage was made in good faith and without any design to hinder, delay, or defraud any existing or future creditor of the mortgagor or any lienor of the mortgaged vessel. A copy is attached hereto as Exhibit "4" and incorporated herein by this reference.

9.     Since January 1, 2008, Defendant, ROXANNA L. TARWATER, has refused and neglected to pay the indebtedness secured by the mortgage described in paragraph 5 above in accordance with the terms thereof. Defendant ROXANNE L. TARWATER, has defaulted in failing to pay installments of principal and interest when due. There is presently due and unpaid the principal sum of $119,064.14 plus interest at the rate of 5.90% per annum from February 1, 2008, to date, an all recoverable expenses incurred by Plaintiff herein including, but not limited to, the cost of port risk insurance. In accordance with the terms of the First Preferred Ship Mortgage, Plaintiff has elected to declare, and did declare, the whole of the outstanding indebtedness evidenced by its Agreement dated September 24, 2003, to be immediately due and payable. Although demand therefor has been duly made, neither the whole not any part of the outstanding indebtedness has been paid.

10.     Plaintiff has incurred and will incur reasonable attorney's fees and expenses and may make advances and sustain damages from or by reason of the default of Defendant TARWATER, the mortgagor, all in amounts not presently know to Plaintiff.

11.     All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States of America and of this Honorable Court.

WHEREFORE, Plaintiff prays:

### FIRST CLAIM FOR RELIEF

1.      That process is due form of law according to the course and practice of this Honorable Court in causes of Admiralty and Maritime jurisdiction issue again the vessel, "ADVENTUROUS" her rigging, tackle, apparel, furniture, engines, nets and fishing-gear and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the vessel be cited to appear and answer under oath, all and singular, the matters aforementioned: that Defendant ROXANNA L. TARWATER be cited to appear and answer on oath, all and singular, the matters aforementioned.

2. That the Honorable Court direct the manner in which the actual notice of the commencement of this suit shall be given to the master or other ranking officer or caretaker of the vessel ADVENTUROUS, and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the vessel.

3.      That the First Preferred Ship Mortgage be declared to be a valid and subsisting lien in the sum of $119,064.14, plus interest at 5.90% from February 1, 2008, together with the $15,000.00 and all other amounts required to disbursed by Plaintiff for the care and preservation and insurance and the cost of any additional insurance on Defendant vessel, and all other advances, expenses, attorney's fees, costs and disbursements on Plaintiff herein, with interest at 5.90% per annum thereon, such lien to be prior and superior to the interest, liens, or claims of any and all persons, firms and corporations as may hold preferred maritime liens on the vessel.

4.      That the vessel "ADVENTUROUS", her rigging, tackle, apparel, furniture, engines, nets and fishing-gear and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims aforesaid, with interest and costs, and that Plaintiff may become a purchaser at any sale of the mortgaged property.

5.      That it be decreed that any an all persons, firms or corporations claiming any interest in the vessel "ADVENTUROUS" are forever barred and foreclosed of and from all right

Complaint                                                                                                    4

or equity of redemption or claim of, in or to the mortgaged vessel and every part thereof.

6.     That Plaintiff recover from Defendant ROXANNA L. TARWATER, the amount of any deficiency that may be due the Plaintiff after applying the proceeds of sale of the mortgaged vessel to the amount of the decree herein.

## FOR ALL CLAIMS FOR RELIEF

13.    For reasonable attorney's fees;

14.    For costs of suit incurred herein; and

15.    For such other and further relief as the Court considers just and proper.

Dated: *June 6, 2008*

GARWACKI & ASSOCIATES

By: _____

KAREN A. RAGLAND
Attorneys for Plaintiff

Complaint                                                                                          5

# VERIFICATION

STATE OF ILLINOIS, COUNTY OF COOK

 I have read the foregoing Complaint and know its contents.

 I am Collection Supervisor of ALLIANT CREDIT UNION, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 23rd day of May, 2008 at Chicago, Illinois.

_____
DAVID LAPETINA
Declarant

Complaint 6

# EXHIBIT "1"

# ◢ UNITED AIRLINES
## EMPLOYEES' CREDIT UNION
11545 W. Touhy Avenue, Chicago, IL 60666
(800) 328-1935
www.uaecu.org



**Open-End Disburseme**
**Receipt *Plus***

## BORROWER INFORMATION

| BORROWER 1 NAME | BORROWER 2 NAME | | ACCOUNT NUMBER | DATE |
|---|---|---|---|---|
| JOHN V TARWATER | ROXANNA   L TARWATER | | 0080064072 L#: | 09/24/20 |

## SECURITY OFFERED

THE ADVANCE IS SECURED BY YOUR SHARES, ALL PROPERTY SECURING OTHER PLAN ADVANCES AND LOANS RECEIVED IN THE PAST OR IN THE FUTURE, AND THE FOLLOWING PROPERTY:

| PROPERTY/MODEL | YEAR | I.D. NUMBER | VALUE | KEY NUM |
|---|---|---|---|---|
| TIARA    36 CONVERT | 1987 | SSUV6041G788 | $320,000.00 | |

| PLEDGE OF SHARES AND/OR DEPOSITS | ACCOUNT NUMBER | PLEDGE OF SHARES AND/OR DEPOSITS | ACCOUNT NUMBER |
|---|---|---|---|

☐ **CONSUMER'S CLAIMS AND DEFENSES NOTICE -- *The following paragraph applies to the Advance only if the box is chec***

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID THE DEBTOR HEREUNDER.**

## VOLUNTARY MEMBER'S CHOICE PROTECTION

MEMBER'S CHOICE Protection is voluntary and not required in order to obtain this loan. The protection contains certain terms and exclusions. protected borrower(s) listed may not be eligible for all benefits. If you have elected to become protected, the MEMBER'S CHOICE Protection Agreer is enclosed. Refer to the MEMBER'S CHOICE Protection Agreement for details. The MEMBER'S CHOICE Protection fee will be added to your outstan balance each month. The rates are subject to change. You will receive notice before any increase goes into effect.

| YOU ELECTED THE FOLLOWING: | COST PER $1000 OF YOUR MONTHLY LOAN BALANCE | PROTECTED BORROWER(S) NAME(S) |
|---|---|---|
| ☐ Premier Package | $ 2.90 | |
| ☐ Select Plus Package | $ 3.60 | |
| ☐ Select Package | $ 1.80 | |
| ☐ Life Protection Package | $ .70 | |
| ☒ No Protection | | |

## REPAYMENT TERMS

| DAILY PERIODIC RATE | ANNUAL PERCENTAGE RATE | INTEREST RATE IS: | OTHER FEES (Amount and Description) | NEW BALANCE THIS SUBACCO |
|---|---|---|---|---|
| .01616% | 5.900 % | FIXED | | $ 134,000.00 |

| AMOUNT ADVANCED | PAYMENT AMOUNT | DATE DUE | PAYMENT FREQUENCY | LINE OF CREDIT LIMIT | REMAINING LIMIT |
|---|---|---|---|---|---|
| $ 134,000.00 | $ 952.61 | 10/24/2003 | MONTHLY | $ 0.00 | |

OTHER COLLATERAL:

## SIGNATURES

By endorsing the proceeds check for the advance described above, or by having the loan proceeds deposited into your share/share draft account or to a third party, you agree: (1) that the property described in the Security Offered section above ("Property") is security under the terms o LOANLINER Credit and Security Agreement (the "Plan") for all amounts you owe under the Plan and that the property description is incorporated and a part of the Plan; (2) that the Property is also security for any other loans, including but not limited to, any credit card loan that you have wit credit union now or in the future; (3) that you will make the payments disclosed above in accordance with the terms of the Plan; and (4) that you made the voluntary MEMBER'S CHOICE Protection election indicated above.

## FOR CREDIT UNION USE ONLY

| REQUESTED: | MEMBER PAYS PREMIUM FOR: | CHECK NUMBER 81 | BRANCH NUMBER |
|---|---|---|---|
| DATE 9/24/03 | LOAN OFFICER COMMENTS | PLAN/SUBACCOUNT NO. | PROCESSED BY: LOAN OFFICER INITIALS |

© CUNA MUTUAL GROUP 1998, 99, 2000, 01, 02, ALL RIGHTS RESERVED

KILV20 ILA

# EXHIBIT "2"

THIS AREA INTENTIONALLY LEFT BLANK FOR USCG-NVDC RECORDING INFORMATION

NATIONAL VESSEL DOCUMENTATION CENTER
USCG
RECEIVED / FILED

26 SEP '03          10 : 43 AM

RECORDED:  BOOK *04-1*  PAGE *465*

*Sally Rowe*

DOCUMENTATION OFFICER

# FIRST PREFERRED SHIP MORTGAGE

This Mortgage, made this 23rd day of September 2003 , between JOHN V. TARWATER and ROXANNA L. TARWATER Joint Tenants with Right of Survivorship (100%) whose address is PO BOX 675 BALBOA, CA 92661 (hereinafter referred to as "Mortgagor") and United Airlines Employees Credit Union, (100%) whose address is 11545 W. Touhy Avenue Chicago, IL 60666 (hereinafter referred to as "Mortgagee");

## W I T N E S S E T H:

WHEREAS, the Mortgagor is the sole owner of that certain vessel called ADVENTUROUS Official # 928319 ("Vessel"), as more fully described in the Certificate of Documentation, together with all the engines, boilers, machinery, masts, bowsprits, boats, anchors, cables, rigging, tackle, apparel, furniture, nets and fishing gear, and all other appurtenances thereto belonging and appertaining, and any and all additions, improvements, and replacements hereafter made in or to the Vessel or any part of appurtenance or equipment thereof;

WHEREAS, the Mortgagor is justly indebted to the Mortgagee in the sum of One Hundred Thirty Four Thousand Dollars And 00/100 ($134,000.00) and, to secure the payment of said indebtedness plus interest, has executed and delivered this FIRST Preferred Mortgage ("Mortgage") and a promissory note ("Note") to the Mortgagee to be dated on or about 9/23/2003.

NOW, THEREFORE, THIS MORTGAGE WITNESSETH:

That in consideration of the premises stated above and the mutual covenants herein described, and to secure the payment of the said principal sum and interest thereon at the rate specified in the Note, and the payment of any advancements that shall hereafter be made, and of the Note and the performance of all the covenants and conditions herein, Mortgagor has granted, bargained, sold, conveyed, transferred, assigned, remised, released, mortgaged, set over, and confirmed and by these presents does grant, bargain, sell, convey, transfer, assign, remise, release, mortgage, set over, and confirm unto the Mortgagee the whole of the Vessel.

TO HAVE AND TO HOLD all the property aforesaid unto the Mortgagee.

PROVIDED, HOWEVER, and these presents are upon the condition that if the Mortgagor shall pay or cause to be paid to the Mortgagee the aforesaid principal sum with interest thereon in accordance with the terms and conditions of the Note and shall pay any and all advances hereafter made to Mortgagor by the Mortgagee, and shall keep, perform, and observe all and singular the covenants and promises in the Note and in these presents expressed to be kept, performed, and observed by or on the part of the Mortgagor, then this Mortgage and the estate hereby granted shall cease, determine, and be void, otherwise to remain in full force and effect.

The Mortgagor hereby agrees to pay the principal amount aforesaid, and the interest thereupon as stipulated and to fulfill, perform, and observe each and every one of the covenants, agreements, and conditions in this Mortgage and in said Note contained.

The Mortgagor hereby covenants and agrees with the Mortgagee as follows:

### ARTICLE I

That the Mortgagor is a citizen of the United States.

### ARTICLE II

That the Mortgagor lawfully owns and is lawfully possessed of the mortgaged property, and the Mortgagor covenants and promises that Mortgagor will warrant and defend the title and possession thereto and every part thereof for the benefit of the Mortgagee against the claims and demands of all persons whomsoever; and further warrants that there are no liens, mortgage or mortgages on the Vessel except: NONE.

### ARTICLE III

That the Mortgagor at Mortgagor's own cost, shall keep the Vessel insured in an amount equal to the full commercial value but not in any case for less than one hundred percent (100%) of the amount remaining unpaid on said principal sum on said Note or notes. Said insurance shall be placed with responsible underwriters satisfactory to the Mortgagee under such form of policies as Mortgagee approves and shall include protection and indemnity coverage; said policies are to be delivered to the Mortgagee, and shall be payable as the interest of the parties may appear. In the event Mortgagor fails to obtain said insurance, then the Mortgagee may do so for the account of Mortgagor. Said policies shall not be cancelled, amended, or modified without Mortgagee's consent. The Mortgagor shall not do any act, nor voluntarily suffer or permit any act to be done whereby any insurance is or may be suspended, impaired, or defeated and shall not suffer or permit the Vessel to engage in any voyage or to carry any cargo not permitted under the policies of insurance in effect.

### ARTICLE IV

That neither the Mortgagor nor the master of the Vessel shall have any right, power, or authority to create, incur or permit to be placed or imposed upon the Vessel any liens whatsoever other that for crew's wages, wages of stevedores and salvage. The Mortgagor shall carry a properly certified copy of this Mortgage with the ship's papers and shall exhibit the same to any person having business with the Vessel which might give rise to any lien other than for crew's or stevedore's wages and salvage.

### ARTICLE V

That the Mortgagor shall place and keep prominently displayed in the chart room framed printed notices  reading as follows:

THIS VESSEL IS COVERED BY A FIRST PREFERRED SHIP MORTGAGE TO:

United Airlines Employees Credit Union

PURSUANT TO THE TERMS OF THE SAID MORTGAGE, A CERTIFIED COPY OF THE MORTGAGE MUST BE KEPT WITH THE VESSEL'S PAPERS. NEITHER THE MORTGAGOR NOR THE MASTER OF THE VESSEL HAS ANY RIGHT, POWER, OR AUTHORITY TO CREATE, INCUR, OR PERMIT TO BE IMPOSED UPON THE VESSEL ANY LIENS WHATSOEVER OTHER THAN FOR CREW'S WAGES, WAGES OF STEVEDORES, OR SALVAGE.

### ARTICLE VI

That if a libel shall be filed against the Vessel or if the Vessel shall be seized or taken into custody or sequestered by virtue of any legal proceedings in any court, the Mortgagor shall within thirty (30) days thereafter cause the said Vessel to be released and discharged, but this article shall not be construed as a waiver of Articles III and IV.

### ARTICLE VII

That at all reasonable times the Mortgagor shall maintain and preserve the Vessel in good condition, working order, and repair, as at the date of the execution of this Mortgage, ordinary wear and tear and depreciation excepted. Mortgagee shall have the right of inspection at any time.

### ARTICLE VIII

That the Mortgagor shall pay and discharge, when due and payable from time to time, all taxes, assessments, penalties, and governmental charge imposed upon the Vessel, its tackle, etc. subject, or to become subject, to this Mortgage.

## ARTICLE IX

That if the Mortgagor shall make default in the performance of any of the covenants of this Mortgage on Mortgagor's part to be performed, the Mortgagee may, in Mortgagee's discretion, do any act or make any expenditure necessary to remedy such default, including, without limitation of the foregoing, entry upon the Vessel to make repairs and the Mortgagor shall promptly reimburse the Mortgagee, with interest at the rate of ten percent (10%) per annum, for any and all expenditures so made or incurred; and until the Mortgagor shall so reimburse the Mortgagee for such expenditures the amount thereof shall be added to the amount of the debt secured by this Mortgage, and shall be secured by this Mortgage in like manner and extent as if the amount and description thereof were written herein; but the Mortgagee though privileged so to do, shall be under no obligation to the Mortgagor to make such expenditures nor shall the making thereof relieve the Mortgagor of any default in that respect. The Mortgagor shall also reimburse the Mortgagee promptly with interest at the rate of ten percent (10%) per annum for any and all advances, expenses, and attorney's fees made or incurred by the Mortgagee at any time and for any and all damages sustained by the Mortgagee from or by reason of any default of the Mortgagor.

## ARTICLE X

That until default shall have been made in the performance by the Mortgagor or any terms, conditions, covenants, and promises herein contained, the Mortgagor may retain and possess the Vessel and may use and operate the same.

## ARTICLE XI

That the Mortgagor shall comply with and satisfy all the provisions of Title 46, Chapter 313 Section 31322 of the United States Code and shall establish and maintain this Mortgage as a preferred mortgage under said United States Code, and the Mortgagor shall not sell, mortgage, transfer nor change the flag of the Vessel without the written consent of the Mortgagee.

## ARTICLE XII

In any case of default, the Mortgagee shall be entitled to exercise the right of entry and retaking of the Vessel and its appurtenances and equipment without legal process and with any and all other rights, privileges, and powers herein granted and confirmed.

## ARTICLE XIII

In any event of Mortgagor's default of prompt and punctual payment when due in the payment of any interest or principal sum on said Note, or if default shall be made hereunder by the Mortgagor in the observance, or performance of any other of the covenants, agreements, or conditions, of the Note or this Mortgage contained on Mortgagor's part to be observed and performed; or if the Mortgagor shall be adjudged bankrupt, or if a receiver be appointed, or if the Mortgagor shall make a general assignment for the benefit of creditors, or if the Vessel shall be libeled or levied upon, taken into custody or sequestered by virtue of any legal proceedings and such legal proceedings are not vacated or set aside and the said property released with (15) fifteen days, or if the Mortgagor shall remove or attempt to remove this said property subject, or to become subject, to this Mortgage beyond the limits of the United States, without the intent to return to the United States, then in every such case the entire principal sum and/or said Note with interest shall be immediately due and payable at Mortgagee's option without prior notice. Nothing in this article shall be deemed a waiver of the provisions of Articles III and IV. If such sums are not paid forthwith, Mortgagee may take possession of the Vessel, its tackle , equipment, etc. without process of law, and Mortgagor shall forthwith surrender possession to Mortgagee who may sell the same at public or private sale after written notice to Mortgagor by mail. Mortgagee shall have the right to bid or purchase the Vessel.

## ARTICLE XIV

Proceeds from any sale shall be applied as follows:

First.      To pay charges of sale, including expenses of retaking

Second.   Attorney's fees and costs.

Third.     Payment of unpaid balance of principal and interest on said Note, and advances made by Mortgagee.

Fourth.    Any surplus to Mortgagor. If insufficient funds are realized to satisfy the sums set out above, Mortgagor shall forthwith pay Mortgagee the amount of such deficiency.

## ARTICLE XV

That in case the Mortgagee shall have proceeded to enforce any right under this indenture, by foreclosure, entry, or otherwise, and such proceedings shall have been discontinued or abandoned for any reason or shall have been determined adversely to the Mortgagee, then the Mortgagor and the Mortgagee shall be restored to their former positions except that the cost of such proceedings and attorney's fees shall be charged to the account of the Mortgagor and bear interest.

## ARTICLE XVI

That no delay or omission of the Mortgagee to exercise any right or power accruing upon any default shall impair any such right or power, or shall be construed to be a waiver of any such default or acquiescence therein; and every power and remedy given herein may be exercised from time to time as often as may be deemed expedient.

## ARTICLE XVII

Nothing contained in this Mortgage shall be construed as a waiver of the preferred status of this Mortgage by the Mortgagee.

## ARTICLE XVIII

In addition to the payment of the Note herein set forth,   this Mortgage shall secure the payment of all other sums with interest thereon which may hereafter be borrowed  or received by the Mortgagor from Mortgagee or which may be paid by the Mortgagee for the account of Mortgagor.

## ARTICLE XIX

The word "Mortgagor" means every party (individuals and corporations) who signs this Mortgage as Mortgagor, every registered owner of the Vessel, and the personal representatives, successors and assigns of Mortgagor.  The word "Mortgagee" means the Mortgagee and anyone who has the Mortgagee's rights under this Mortgage.  If this Mortgage is given by a corporation, the words it and its may also mean the corporation.

## ARTICLE XX

All notices to Mortgagor may be made by mail addressed as set forth on page one.

All covenants, stipulations, and agreements in this Mortgage contained are and shall bind and inure to the benefit of the Mortgagor and Mortgagee.

IN WITNESS WHEREOF, the Mortgagor has executed this Mortgage the date and year first above written.

JOHN V. TARWATER, Owner    ROXANNA L. TARWATER, Owner

STATE OF California     )
COUNTY OF Orange    ) SS.
          )

Kathi Krencik

On _____ September 23, 2003 _____, before me_____

a Notary Public in and for the said State, personally appeared  JOHN V. TARWATER and ROXANNA L. TARWATER

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS MY HAND AND OFFICIAL SEAL

SEAL

Signature of Notary Public
Commission Expires:_____



KATHI KRENCIK
COMM. # 1278045
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
COMM. EXP. SEPT. 29, 2004

# EXHIBIT "3"


DHS USCG CG-1270 (REV. 06-03)

OMB APPROVED
1115-0110

# UNITED STATES OF AMERICA

## DEPARTMENT OF HOMELAND SECURITY
### UNITED STATES COAST GUARD

### NATIONAL VESSEL DOCUMENTATION CENTER

# *CERTIFICATE OF DOCUMENTATION*

| VESSEL NAME | OFFICIAL NUMBER | IMO OR OTHER NUMBER | YEAR COMPLETED |
|---|---|---|---|
| ADVENTUROUS | 928319 | SSUV6041G788 | 1987 |

| HAILING PORT | HULL MATERIAL | MECHANICAL PROPULSION |
|---|---|---|
| NEWPORT BEACH, CA | FRP (FIBERGLASS) | YES |

| GROSS TONNAGE | NET TONNAGE | LENGTH | BREADTH | DEPTH |
|---|---|---|---|---|
| 15 GRT | 14 NRT | 36.7 | 13.7 | 6.3 |

**PLACE BUILT**
HOLLAND, MI

| OWNERS | OPERATIONAL ENDORSEMENTS |
|---|---|
| JOHN V. TARWATER<br>ROXANNA L. TARWATER | RECREATION |

**MANAGING OWNER**
JOHN V TARWATER
215 15TH ST (NEWPORT BEACH CA)
PO BOX 675
BALBOA, CA 92661

**RESTRICTIONS**
NONE

**ENTITLEMENTS**
NONE

**REMARKS**
NONE

**ISSUE DATE**
FEBRUARY 02, 2004

**THIS CERTIFICATE EXPIRES**
FEBRUARY 28, 2005

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

SAR
1311820

PREVIOUS EDITION OBSOLETE, THIS CERTIFICATE MAY NOT BE ALTERED

# EXHIBIT "4"

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENER. . INDEX OR ABSTRACT OF T. .LE Continuation Sheet No. 2 | Official No. 695643 |

## SATISFACTION MORTGAGE

Refers To: BOOK PM-91; PG 1046

| % CONVEYED | DATE | AMOUNT | | BATCH | DOC ID |
|---|---|---|---|---|---|
| 100 | October 01, 2004 | $53,625.20 | | BK 04-114 | 265 |
| DATE FILED | TIME FILED | | | STATUS | |
| October 15, 2004 | 10:50 AM | | | RECORDED | |

**GRANTOR:**

WELLS FARGO BANK NA (SUCCESSOR BY MERGER TO FIRST INTERSTATE BANK OF CALIFORNIA NA)

**GRANTEE:**

GARY W JOHNSON

## BILL OF SALE

| % CONVEYED | DATE | AMOUNT | | BATCH | DOC ID |
|---|---|---|---|---|---|
| 100 | September 27, 2004 | $10.00 | | BK 04-114 | 266 |
| DATE FILED | TIME FILED | | | STATUS | |
| October 01, 2004 | 10:56 AM | | | RECORDED | |

**SELLER:**

GARY W JOHNSON

**BUYER:**

JOHN V TARWATER

## PREFERRED MORTGAGE

| % CONVEYED | DATE | AMOUNT | | BATCH | DOC ID |
|---|---|---|---|---|---|
| 100 | September 20, 2004 | $20,000.00 | | BK 04-114 | 267 |
| DATE FILED | TIME FILED | | | STATUS | |
| October 01, 2004 | 10:56 AM | | | RECORDED | |

**MORTGAGOR:**

JOHN V TARWATER

**MORTGAGEE:**

ALLIANT CREDIT UNION
11545 W TOUHY AVE
CHICAGO IL 60666

This space intentionally left blank

PREVIOUS EDITION MAY BE USED

Page 3 of 4

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALLIANT CREDIT UNION fka UNITED AIRLINES EMPLOYEES CREDIT UNION | THE VESSEL, "ADVENTUROUS", her rigging, engines, boilers, tackle, etc. and all other necessaries thereunto appertaining and belonging in rem; ROXANNA L. TARWATER aka ROXANNA TARWATER, in personam. |
| Cook County, Illinois | Orange County, California |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Karen A. Ragland, State Bar No. 108560 Garwacki & Associates 5111 Dahlia Drive, Suite A, Los Angeles CA, 90041 (323) 344-4100 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 119,064.14

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Foreclosure of First Preferred Ship Mortgage; 42 U.S.C. Section 31325

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☒ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:  **SACV08-00639 AG (MLGx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): *Karen C. Ragland*     Date   *June 5, 2008*

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV08- 639 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Karen A. Ragland,  State Bar No. 108560
Garwacki & Associates
5111 Dahlia Drive, Suite A
Los Angeles, CA 90041
Phone (323)344-4100
Fax (323)344-4105

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANT CREDIT UNION fka UNITED AIRLINES EMPLOYEES CREDIT UNION<br>PLAINTIFF(S)<br>v.<br>THE VESSEL, "ADVENTUROUS", her rigging, engines, boilers, tackle, etc. and all other necessaries thereunto appertaining and belonging in rem;<br>ROXANNA L. TARWATER AKA ROXANNA TARWATER IN PERSONAM<br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV08-00639 AG (MLGx)**<br><br>**SUMMONS** |

TO:   DEFENDANT(S):  <u>ROXANNA L. TARWATER, aka ROXANNA TARWATER,</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Karen A. Ragland</u> , whose address is <u>5111 Dahlia Drive, Suite A, Los Angeles, CA 90041</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>JUN 1 0 2008</u>

By: _____ **ROLLS ROYCE PASCHAL** _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**