KAREN A. RAGLAND, Esq., State Bar #108560
GARWACKI & ASSOCIATES
5111 Dahlia Drive, Suite A
Los Angeles, California 90041
(323) 344-4100
(323) 344-4105

O

Attorney for Plaintiff
ALLIANT CREDIT UNION fka UNITED
AIRLINES EMPLOYEES CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANT CREDIT UNION fka UNITED AIRLINES EMPLOYEES CREDIT UNION | CASE NO.  8:08-cv-00639-AG-MLG |
| Plaintiff, | |
| vs. | ORDER FOR INTERLOCUTORY SALE OF DEFENDANTS VESSEL "ADVENTUROUS" |
| THE VESSEL, "ADVENTUROUS", her rigging, engines, boilers, tackle, etc. and all other necessaries thereunto appertaining and belonging *in rem*; ROXANNA L. TARWATER, aka ROXANNA TARWATER, *in Personam*, | |
| Defendants. | |
| _____/ | |

WHEREAS Plaintiff, ALLIANT CREDIT UNION fka UNITED AIRLINES EMPLOYEES CREDIT UNION ("Plaintiff") commenced the above-entitled action on June 10, 2008.

WHEREAS the Defendant has neither appeared not answered and no security for the vessel has been posted or appears likely to be posted; and

WHEREAS it appears that the vessel "ADVENTUROUS" is liable to deterioration, decay, or injury while detained in custody pending the final determination of this suit, and that said vessel is subject to mounting expenses which are, or will become, excessive or disproportionate, and that

Order                                                                                                           1

1   further unnecessary expenses will be incurred for the maintenance and preservation of the vessel
2   pending its' sale; and

3   　　　WHEREAS if further appears that it is in the best interest of all parties that the sale of the
4   vessel "ADVENTUROUS" be made promptly in order to avoid deterioration and decay of, and injury
5   to the vessel, and to avoid unnecessary, excessive, and disproportionate expenses in the
6   preservation and maintenance thereof;

7   　　　Now, on reading the Application submitted herein by Plaintiff and the Court having heard the
8   evidence and arguments presented by the Plaintiff;

9   　　　Now, upon Motion of Karen A. Ragland of GARWACKI & ASSOCIATES, Attorneys for
10  Plaintiff, Alliant Credit Union, it is hereby

11  　　　ORDERED that, pursuant to Supplemental Rule E(14)(b) of the Local Rules for the U.S.
12  District Court, Central District of California, the United States Marshal for the Central District of
13  California be, and hereby is, authorized and directed to sell the vessel "ADVENTUROUS", her
14  engines, boilers, tackle, apparel, and furnishings at public auction to the last and highest bidder on
15  the following terms:

16  　　　(a) The marshal shall require the last and highest bidder at the sale a minimum deposit in
17  cash, certified check, or cashier's check, of the purchase price if it does not exceed $500.00 and
18  otherwise $500.00 or ten percent (10%) of the bid, whichever is greater. The balance, if any, of the
19  purchase price shall be paid in cash, certified check or cashier's check before confirmation of the
20  sale or within three (3) days of the dismissal of any opposition which may have been filed, exclusive
21  of Saturdays, Sundays, and legal holidays.

22  　　　(b) Notwithstanding the above, a plaintiff or intervening plaintiff foreclosing a properly
23  recorded and endorsed preferred mortgage on, or other valid security interest in the vessel may bid,
24  without payment of cash, certified check or cashier's check, up to the total amount of the secured
25  indebtedness as established by affidavit filed and served by that party on all other parties no later
26  than ten (10) days prior to the date of sale.

27  //
28  //

Order                                                                                    2

1    (c) Report and Confirmation. At the conclusion of the sale, the marshal shall forthwith file a
2    written report to the Court of the fact of sale, the price obtained and the name and address of the
3    buyer.  The Clerk of the Court shall endorse upon such report the time and date of its filing.
4    If within three (3) days, exclusive of Saturdays, Sundays, and legal holidays, no written objection
5    is filed, the sale shall stand confirmed as of course, without the necessity of any affirmative action
6    thereon by the Court and the Clerk upon request shall so state to the marshal in writing; except that
7    no sale shall stand confirmed until the buyer has complied fully with the terms of his purchase. If
8    no opposition to the sale is filed, the expenses of keeping the property pending confirmation of sale
9    shall be charged against the party bearing expenses before the sale (subject to taxation as costs),
10   except that if confirmation is delayed by the purchaser's failure to pay any balance which is due on
11   the price, the cost of keeping the property subsequent to the three-day period herein above
12   specified shall be borne by the purchaser.

13        If the sale is not opposed, the vessel may be released by the U.S. Marshal and/or substitute
14   custodian to the successful bidder after three (3) days after the sale upon payment of the sale price
15   in full to Plaintiff without the necessity of a court order.

16        (d) Penalty for Late Payment of Balance. A successful bidder who fails to pay the balance
17   of the bid within the time allowed under these Rules or a different time specified by the Court
18   shall also pay the marshal the costs of keeping the property from the date payment of the
19   balance was due to the date the bidder pays the balance and takes delivery of the property.
20   Unless otherwise ordered by the Court, the marshal shall refuse to release the property until the
21   additional charge is paid.

22        (e) Penalty for Default in Payment of Balance. A successful bidder who fails to pay the
23   balance of the bid within the time allowed is in default and the Court may at any time thereafter
24   order a sale to the second highest bidder or order a new sale as appropriate. Any sum
25   deposited by the bidder in default shall be applied to pay any additional costs incurred by the
26   marshal by reason of the default, including costs incident to resale. The balance of the deposit,
27   if any, shall be retained in the registry subject to further order of the Court, and the Court shall
28   be given written notice of its existence whenever the registry deposits are reviewed.

Order                                                                                              3

1    (f)  Opposition to Sale. A party filing an opposition to the sale, whether seeking the

2    reception of a higher bid or a new public sale by the marshal, shall give prompt notice to all

3    other parties and to the purchaser. Such party shall also, prior to filing an opposition, secure the

4    marshal's endorsement upon it acknowledging deposit with the marshal of the necessary

5    expense of keeping the property for at least five (5) days. Pending the court's determination of

6    the opposition, such party shall also advance any further expense at such times and in such

7    amounts as the marshal shall request, or as the Court orders upon application of the marshal or

8    the opposing party. Such expense may later be subject to taxation as costs. In the event of

9    failure to make such advance, the opposition shall fail without necessity for affirmative action

10   thereon by the court. If the opposition fails, the expense of keeping the property during its

11   pendency shall be borne by the party filing the opposition.

12       (g) Disposition of Deposits.

13       (1) Objection Sustained. If an objection is sustained, sums deposited by the

14   successful bidder will be returned to the bidder forthwith. The sum deposited by the objector will

15   be applied to pay the fees and expenses incurred by the marshal in keeping the property until it

16   is resold, and any balance remaining shall be returned to the objector. The objector will be

17   reimbursed for the expense of keeping the property from the proceeds of a subsequent sale.

18       (2) Objection Overruled. If the objection is overruled, the sum deposited by the

19   objector will be applied to pay the expense of keeping the property from the day the objection

20   was filed until the day the sale is confirmed, and any balance remaining will be returned to the

21   objector forthwith.

22       (h) ORDERED that after this Court has confirmed the sale of the vessel and the

23   purchaser has made full payment therefore, the United States Marshal shall deliver a Bill of Sale

24   of the vessel "ADVENTUROUS" to the confirmed purchaser and said vessel shall be conveyed

25   by the United States Marshal "as is, where is," free and clear of all liens, claims and

26   encumbrances whatsoever; and it is further

27   //

28   //

**Order**                                                                                               4

1        (i) ORDERED that the Marshal's fees, poundage, and expenses, including any and all

2    costs incurred in keeping the vessel while under arrest and in advertising and arranging the sale

3    thereof, shall be deemed administrative expenses of the Marshal; upon confirmation of the

4    Marshal's fees, poundage, and expenses by this Court, the Marshal is authorized to deduct said

5    administrative expenses from the proceeds of the sale of the vessel, and custodianship, and to

6    deposit the remainder of the proceeds with the Clerk of the Court, pending final disposition of

7    this action.

8

9

10

11   Dated: June 28, 2010

12                                                U.S. DISTRICT JUDGE
                                                  ANDREW J. GUILFORD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Order**                                                                                                     5